# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

SOUTH RIVER CAPITAL, LLC
1750 Forest Drive, Suite 195
Annapolis, MD 21401

      Plaintiff,

v.

MTP GLOBAL VENTURES, LLC
12600 Deerfield Parkway, Suite 100
Alpharetta, GA 30004

CJ EVINS
12600 Deerfield Parkway, Suite 100
Alpharetta, GA 30004

JOHN DOE

      Defendants.

Civil Action No. 1:25-cv-3739

## COMPLAINT

Plaintiff, South River Capital LLC ("SRC") brings this action against John Doe, MTP Global Ventures LLC ("MTP"), and CJ Evans ("CJ") together "Defendants" for monetary damages and a constructive trust. In support of the Complaint, Plaintiff hereby states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

2.  Venue is proper in this District pursuant to 28 U.S.C. Section 1391 because the loan agreement at issue provides for disputes under the loan agreement to be brought in a court of competent jurisdiction in Maryland and a substantial part of the events and omissions giving rise to the claims brought by Plaintiff occurred in this District.

## PARTIES

3.  SRM is a Maryland limited liability company having its office in Annapolis, Maryland.

4.  Defendant John Doe is a natural person. Upon information and belief John Doe is a resident of a state other than Maryland.

5.  MTP is a Georgia limited liability company which formed on May 24, 2024.

6.  CJ is a resident of the state of Georgia. CJ organized and is the authorized individual for MTP. On information and belief CJ is a Member of MTP.

## FACTS

7.  A professional football player applied for a loan through Sure Sports Lending. Sure Sports then directed to loan to Plaintiff for funding and closing.

8.  The loan closed on July 26, 2024 in the amount of $3,300,000.00.

9.  Upon closing the loan proceeds were transferred from a SRC account to an account held by MTP at Chase Bank, account ending in 3101.

10. Shortly after the loan closed SRC was notified that it was a victim of theft related to the loan and the purported professional football player, the Borrower, was in fact an imposter ( Defendant John Doe) posing as the professional football player.

11. The fraud scheme and misrepresentation of the Borrowers identity was orchestrated by MTP and CJ, and MTP used the loan proceeds from the SRC to further the fraud scheme.

12. The fraud scheme included two other Georgia entities organized by CJ and each with bank accounts at Chase Bank. The other entities have the same addresses and authorized individual. The entities have the same business purpose, to carry out fraudulent activity through the misrepresentation and impersonation of professional athletes. The entities constitute a single enterprise.

13. Each of the four loans included purported professional athletes. However, there were imposters serving as the athletes and the funds from the loans were paid to the entities, including MTP, all having the same organizer, address and authorized individual.

14. Approximately $2,500,000.00 of the SRC closed loan proceeds in the MTP Chase account were transferred by MTP to another related entity King Njoku LLC, which also had a Chase account. The King Njoku Chase account ending in 6222.

15. The transfer of some of the proceeds of the SRC loan proceeds by MTP to King Njoku LLC were in furtherance of Defendants Ponzi Scheme.

16. First Farmers Bank and Trust was the lender on the King Njoku loan.

17. The entities established and controlled by CJ are sham entities whose sole purpose was to misrepresent the identity of professional athletes and steal loan proceeds from lenders, such as SRC. John Doe aided and abetted CJ and MTP's scheme and, on information and belief, received compensation from the stolen loan proceeds from MTP.

18. The only activity in the MTP Chase Bank account was for the SRC loan proceeds which were procured by fraud and misrepresentation. The same is true for the other identified

entities identified above, XMK Companies and King Njoku LLC, which were established by CJ and controlled by him.

19. 20. MTP has access to the account established at Chase Bank ending in account number 3101.

## Count I—Conversion

20. Plaintiff adopts and realleges the allegations fully set forth herein.

21. Plaintiff was the sole owner of the funds used to fund the loan with the professional athlete described herein.

22. Plaintiff made a wire transfer of $3,300,000.00 to MTP's account with Chase Bank to close the loan with the purported Borrower on July 24, 2024. John Doe made the direction to have the loan proceeds sent to MTP's account at Chase Bank.

23. Based upon the representations of John Doe and MTP, Plaintiff believed it was sending the loan proceeds to the purported Borrower.

24. Plaintiff intended the loan proceeds to be sent to the actual professional athlete Borrower, not John Doe and not a sham entity MTP.

25. CJ had access to the Chase Bank account established by MTP. Neither MTP nor CJ has returned the $3,300,000.00 loan proceeds to SRC.

26. Neither MTP nor CJ or John Doe earned the money SRC sent as loan proceeds to the MTP account at Chase and none of Defendants has a right to such funds.

27. Defendants have deprived Plaintiff of the funds totaling $3,300,000.00 and Defendants have intentionally retained such funds without authority or permission from Plaintiff.

28. As a result of Defendants conversion of Plaintiff's funds, Plaintiff has been damaged in the amount of at least $3,300,000.00 plus other damages as a proximate consequence of Defendants actions.

## Count II—Fraud

29. Plaintiff adopts and realleges the allegations fully set forth herein.

30. John Doe misrepresented his identity to Plaintiff at the closing of the SRC loan to the purported professional athlete as he impersonated the professional athlete, but was an imposter.

31. MTP and CJ paid and encouraged John Doe to act as an imposter at the SRC closing.

32. A notary was at the closing and witnessed John Doe signing documents and confirmed his identity. Defendants manufactured fake identification for the purpose of misrepresenting John Does identity.

33. Defendants knew John Doe was an imposter and intended to make material misrepresentations to Plaintiff and the notary as to his real identity in order to induce Plaintiff to wire funds to MTP.

34. Plaintiff reasonably relied on these misrepresentations. Plaintiff believed that it was dealing with the true Borrower for the $3,000,000.00 loan.

35. Based upon the fraudulent misrepresentations made by Defendants Plaintiff made a wire transfer to MTP's account at Chase Bank in the amount of $3,300.000.00.

36. As a result of Defendant's fraud, Plaintiff has been damaged in the amount of $3,300,000.00 plus other damages sustained as a proximate consequence.

## Count III—Constructive Trust

37. Plaintiff adopts and realleges the allegations fully set forth herein.

38. MTP is the holder of Chase Bank account ending in 3101.

39. The account arises from a fraudulent scheme adopted and implemented by Defendants to carry out a fraud against SRC.

40. The MTP Chase account was funded with funds fraudulently procured by MTP from SRC.

41. It is inequitable for MTP to be able to retain funds stolen from SRC in MTP's possession, and unjust for MTP to retain a beneficial interest in Chase Bank account ending in 3101.

42. As such, the Court should impose a constructive trust with respect to Chase Bank account ending in 3101 for the benefit of SRC.

Wherefore, Plaintiff respectfully demands judgment against Defendants in an amount in excess of $3,300,000.00, plus interest and costs as well as impose a constructive trust on Chase Bank account ending in 3101 in favor of SRC.

Dated: November 14, 2025                              Respectfully submitted,

                                                     By: /s/ Jonathan Greenbaum

                                                     **Jonathan W. Greenbaum, Esq.**
                                                     KlingGreenbaum, PLLC
                                                     4301 Connecticut Ave NW, Suite 432
                                                     Washington, D.C. 20008
                                                     NEW YORK OFFICE
                                                     99 Hudson Street, 5th Floor
                                                     New York, New York 10013
                                                     Telephone: (202) 744-5003
                                                     jg@klinggreenbaum.com
                                                     *Attorney for South River Capital, LLC*

## <u>CERTIFICATION OF ATTORNEY WITH OUT-OF-STATE OFFICE</u>

I, Jonathan Greenbaum, pursuant to Rule 1-313, hereby certify that I am admitted to practice law in the state of Maryland.

Respectfully submitted,

*/s/ Jonathan Greenabum*

**Jonathan W. Greenbaum**